UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KIMBERLY A. WILDER | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-436 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Kimberly A. Wilder has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Wilder was born in 1971 and was 31 years old at the time of her administrative hearing. [Tr. 42]. She received her graduate equivalency diploma and has relevant past work experience as an office clerk. [Tr. 16, 43]. Ms. Wilder alleges she is disabled as of January 1, 2000, from Graves' disease, asthma, and sleep apnea. [Tr. 16]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Wilder was not disabled as defined by the Social Security Act.

At Ms. Wilder's administrative hearing held on June 24, 2003, the testimony of Ms. Wilder and vocational expert Dr. Ernest Brewer was received into evidence. [Tr. 42-73]. Ms. Wilder testified she last worked in February 2003 for a few weeks. [Tr. 46]. She explained the main problems that prevent her from working now are Graves' disease and hypothyroidism. [Tr. 50]. Ms. Wilder testified that two side effects from the medicine she takes to regulate her thyroid are a worsening of her irritable bowel syndrome and mood swings. [Tr. 53-54]. She also experiences pain and swelling in her back, hip, and knees, sleep apnea, and asthma. [Tr. 59, 62]. Ms. Wilder is able to drive a car. [Tr. 67].

Vocational expert Dr. Ernest Brewer testified next. [Tr. 68-73]. According to Dr. Brewer, Ms. Wilder's past relevant work as an assistant office manager was light and semi-skilled work. [Tr. 69]. The ALJ then asked the vocational expert to consider a person of Ms. Wilder's age, education, past relevant work, and weight who has sleep apnea, asthma, some degree of back and knee pain, and eye troubles who suffers from Graves' disease. [*Id.*]. Such a person is limited by her combined impairments to no more than light exertion and needs to alternate between sitting and standing. [Tr. 69-70]. She also has anxiety that would preclude high stress positions, working with the public, and complex and highly detailed work. [Tr. 70]. The vocational expert testified that someone with those characteristics could not perform

Ms. Wilder's past relevant work but could work as an inspector, checker, product packager, and assembler. [Tr. 70-71].

The ALJ ruled that Ms. Wilder was not disabled because her severe impairments of sleep apnea, obesity, asthma, back and knee pain, Graves' disease, and anxiety were not severe enough for a finding of disability. [Tr. 19]. The ALJ then found that Ms. Wilder was unable to perform her past relevant work as an assistant office manager. [Tr. 21]. He found she did, however, retain the residual functional capacity [RFC] to perform light work lifting 20 pounds occasionally and 10 pounds frequently, standing/walking for six hours in an eight-hour workday, sitting for two hours in an eight-hour workday, and avoiding exposure to dust, fumes, gases, noxious fumes, high stress jobs, working with the public, and complex and highly detailed work. [*Id.*]. With those restrictions, Ms. Wilder could work as an inspector/checker, product packager, and assembler. [Tr. 22].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to

3

support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Wilder requests summary judgment and challenges the ALJ's failure to find her irritable bowel syndrome [IBS] to be a severe impairment. The ALJ mentioned several times in his decision that Ms. Wilder suffered from IBS or diarrhea. [Tr. 18, 19]. He did not, however, find that her impairment was severe, most likely because the medical record before him was sparse with relevant evidence concerning her IBS. The only evidence presented to the ALJ within the relevant time frame was that Ms. Wilder complained of a change in her bowels and a "chronic tendency toward loose stool" in June 2000. [Tr. 231]. That, alone, is not enough evidence to find her IBS was a severe impairment. The ALJ's decision was made with substantial evidence.

Ms. Wilder next contends the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Wilder's impairments four times in his decision. [Tr. 17, 18, 19,

4

21]. The ALJ focused Ms. Wilder's RFC on her asthma, anxiety, eye problems, and back and knee pain. [Tr. 21]. Finally, the hypothetical questions the ALJ asked the vocational expert focused on Ms. Wilder's weight, sleep apnea, asthma, back and knee pain, eye problems, and anxiety. [Tr. 69-70]. Based on the Sixth Circuit framework, the ALJ considered Ms. Wilder's impairments in combination.

Ms. Wilder also argues the ALJ failed to evaluate how the side effects from her medication affect her ability to work. The only evidence of medication side effects in the record is from Ms. Wilder's testimony at her administrative hearing. [Tr. 53-55]. While the ALJ did not specifically address her side effects, the ALJ did find that Ms. Wilder's allegations overall were not totally credible. [Tr. 21]. The ALJ found that Ms. Wilder's own physician found her inconsistent with symptom description. [*Id.*]. In addition, although Ms. Wilder complained of a consulting physician's opinion regarding her knee and back pain, she never received a second opinion as offered. [*Id.*]. Finally, despite claims of debilitating pain, Ms. Wilder does not regularly take any pain medication and is the primary caregiver for her young child. [*Id.*]. Again, although the ALJ did not specifically address her medication side effect allegations, the ALJ found that her overall allegations were not totally credible. And, he did so with substantial evidence.

Finally, Ms. Wilder claims the ALJ erred by failing to order an additional

5

consultative examination of her. At the conclusion of her administrative hearing, the ALJ ordered Ms. Wilder to undergo a psychological evaluation. [Tr. 72-73]. Ms. Wilder was examined by Ms. Alice Garland, M.S., in August 2003. [Tr. 295-305]. One of Ms. Garland's conclusions was that Ms. Wilder suffered from a depressive disorder and a personality disorder and that a somatoform disorder should be ruled out. [Tr. 301]. Because of the vagueness of the last diagnosis, Ms. Garland was asked to complete interrogatories about the potential somatoform disorder. [Tr. 307-08]. Ms. Garland indicated that, in her opinion, at the time of the medical opinions she was consulting (June 2002) that Ms. Wilder's "subjective complaints were not completely borne out by medical findings." [Tr. 307]. Ms. Wilder's attorney then requested in September 2003 that a supplemental hearing with Ms. Garland be held. [Tr. 101]. In his February 2004 decision in this case, the ALJ erroneously denied the attorney's request for an additional psychological evaluation. [Tr. 17].

This error on the part of the ALJ was harmless. The ALJ's duty to recontact treating medical personnel arises only when the evidence before the ALJ is insufficient to make a decision on the claim. 20 C.F.R. § 416.912 (e). In order to meet the requirements for a severe impairment related to a somatoform disorder, *inter alia*, Ms. Wilder would have to demonstrate at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social

6

functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpt. P, App. 1, Rule 12.07. The ALJ found that Ms. Wilder only has mild limitations in her activities of daily living, moderate limitations in maintaining social functioning, moderate limitations in maintaining concentration, and no episodes of decompensation. [Tr. 17]. Therefore, Ms. Wilder was unable to fulfill one of the basic requirements of a somatoform diagnosis. Any error the ALJ made regarding the denial of a supplemental hearing was, thus, harmless.

After careful consideration of the entire record of proceedings related to this case, Ms. Wilder's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

       s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE